AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re: Metropolitan Municipality of Lima | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-mc-00533 |
| | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Brookfield Infrastructure Partners L.P.; Brookfield Asset Management Ltd.; Brookfield Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit 1

| Place: Boies Schiller Flexner LLP<br>55 Hudson Yards, 20th Floor, New York, NY 10001 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/15/2024

*CLERK OF COURT*

OR

_____              /s/ Scott Nielson
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Metropolitan Municipality of Lima   , who issues or requests this subpoena, are:

Scott Nielson of Boies Schiller Flexner LLP, 55 Hudson Yards, 20th Floor, New York, NY 10001, snielson@bsfllp.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and as set forth in the accompanying Subpoena and in this Exhibit, Brookfield Infrastructure Partners L.P., Brookfield Asset Management Ltd., and Brookfield Corporation shall produce electronically stored information and either produce or permit the inspection of documents and tangible things specified below in this Exhibit via Federal Express courier or hand delivery to counsel at the offices of Boies Schiller Flexner LLP, 55 Hudson Yards, 20th Floor, New York, NY 10001 when indicated by the Court or at such other time and place as may be mutually agreed.

### DEFINITIONS

1. "ABC" means anti-bribery and corruption.

2. "ALL" includes the word "ANY," and vice versa.

3. "BROOKFIELD," "YOU," or "YOUR" means Brookfield Asset Management Ltd., Brookfield Corporation, Brookfield Infrastructure Partners L.P., Brookfield Infrastructure Group Peru S.A.C., and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys, and any other persons acting on Brookfield Asset Management Ltd.'s, Brookfield Corporation's, or Brookfield Infrastructure Partners L.P.'s behalf, including contractors.

4. "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

6. "CONCESSION CONTRACT" means the contract signed between RUTAS and the MML on January 9, 2013.

7. "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in

Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

8. "DUE DILIGENCE" means the process of investigating, reviewing, or analyzing a business or entity before entering into a contractual relationship, investment, or transaction, including the "due diligence" referenced in the VAUGHAN DECLARATION.

9. "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

10. "MML" means the Metropolitan Municipality of Lima.

11. "ODEBRECHT" means Odebrecht S.A. and any of its subsidiaries, affiliates, directors, officers, employees, agents, or representatives.

12. "PERSON" or "PERSONS" is defined as any natural person or any legal entity, including, without limit, any business or governmental entity or association.

13. "RUTAS" means Rutas de Lima S.A.C. and any of its predecessors, successors, subsidiaries, affiliates, directors, officers, employees, agents, or representatives.

14. "VAUGHAN DECLARATION" refers to the Witness Declaration of Benjamin Vaughan filed in *Metropolitan Municipality of Lima v. Rutas de Lima S.A.C.*, Case No. 23-cv-00680, Dkt. 28-3 (D.D.C. Aug. 11, 2023), chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://jusmundi.com/en/document/pdf/other/en-rutas-de-lima-s-a-c-v-municipalidad-metropolitana-de-lima-ii-witness-declaration-of-benjamin-vaughan-wednesday-30th-june-2021.

## INSTRUCTIONS

1. **Time Period:** Unless otherwise stated in the request, the time period for these Requests is January 1, 2012 to the present.

2. **Responses:** Respond to each Request by producing the requested documents in their entirety, notwithstanding the fact that portions thereof may contain information not requested, along with every family document (such as any appendices, attachments, cover letters, exhibits, and schedules), that is in Your possession, custody, or control. If there are no documents in Your possession, custody, or control that are responsive to a particular Request, provide a written response stating so.

3. **Construction:** For purposes of reading, interpreting, or construing the scope of the Definitions, Instructions, and Requests, all of the terms shall be given their most expansive and inclusive interpretation. This includes the following:

   a. The singular form of a word shall be interpreted as plural, and vice versa.

   b. "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

   c. "All," "each," and "any" shall be construed as "all, each, and any."

   d. The masculine form of a word shall be interpreted as and shall include the feminine, and vice versa.

   e. The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

4. **Objections:** Each Request shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Request, state the objection as to that portion only and respond to any portion of the Request to which You do not object.

   a. If You claim any ambiguity in interpreting the Request or any of the applicable

3

Instructions or Definitions, such claim shall not be used as a basis for refusing to respond to the Request. In any such circumstance, You should set forth as part of Your response the language claimed to be ambiguous and the interpretation chosen or used by You in responding to the Request and You shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

b. If you object to the Request on the ground that it is overly broad, you are instructed to produce documents in response as narrowed to conform to Your objection and to state in Your response: (1) how you narrowed the Request; and (2) all reason(s) why you claim the Request is overly broad.

c. The fact that a document has been or could be produced by any other Person does not relieve you of the obligation to produce such document, even if the document in Your possession, custody, or control is identical in all respects to the document produced or held by any other person.

5. **Production:** Produce each responsive document and all family documents in accordance with the terms of any agreement between the parties regarding the production of documents.

a. Documents shall be produced on a rolling basis as they become available.

b. If any documents are withheld based on an objection to any Request, all documents covered by that Request but not subject to the objection should be produced.

c. Documents not otherwise responsive to any of the Requests herein should be produced if such documents are attached to a document or thing called for by these Requests.

d. Unless otherwise specified, the documents requested include the responsive documents in Your actual or constructive possession, control, or custody, as well as

    the responsive documents in the actual or constructive possession, control or custody of Your employees, agents, representatives, managers, or any other person acting or purporting to act on its behalf, and, unless privileged and such privilege has not been waived, its attorneys.

e. Unless otherwise specified, the documents requested include all responsive documents in Your possession, custody or control that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other electronic medium).

f. Documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

g. In producing documents, you are requested to produce a legible copy of each document requested together with all non-identical copies and drafts of that document. you shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

h. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed, or filed stamps, drafts, revisions, modifications, and other versions of a document is a responsive document in its own right and must be produced.

      i. Documents should be produced in full, without abbreviation or expurgation, regardless of whether you consider the entire document to be relevant or responsive.

      j. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

6. **Privilege Log:** To the extent you object to or claim a privilege with respect to any Request in whole or in part, provide a privilege log containing the following information for each document and each portion of any document withheld: (a) the general nature of the document or ESI; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's or ESI's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

7. **Lost Materials:** If any responsive document was, but no longer is, in Your possession, custody, or control, then provide a log that lists for each such document (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) any author(s) or sender(s); (c) any recipients; (d) any persons cc'd; (e) its date; and (f) its subject matter.

8. **Continuing Obligation:** These Requests are to be considered continuing in nature, and you must promptly furnish supplemental responses if any additional documents or information is discovered or created after Your responses are tendered, or if any of Your responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

### DOCUMENT REQUESTS

1. Your due diligence policies, procedures, and protocols, including the "Whistleblowing Program" and "due diligence guidelines" referenced in the Vaughan Declaration.

2. Documents concerning any potential ABC issues relating to Rutas, Odebrecht, the "Olmos water project" referenced in paragraph 23 of the Vaughan Declaration, and the company

6

"BRK Ambiental" referenced in paragraph 28 of the Vaughan Declaration, including (a) any communications with regulators, enforcement agencies, or third parties concerning ABC issues, (b) any records of any gifts, hospitality, or other benefits provided to or received from government officials or third parties, (c) correspondence, reports, or records related to ABC compliance, (d) any internal investigations or audits conducted concerning potential violations of ABC laws, and (e) any notices, claims, or legal actions related to alleged bribery, corruption, or non-compliance with ABC laws in any country.

      3.     Documents reviewed in connection with the "ABC document and compliance process review, background checks, vendor review, sample transaction, and personnel interviews" referenced in the Vaughan Declaration, including:

    a. Documents received in response to the "requests for documents and information" referenced in paragraph 42 of the Vaughan Declaration;

    b. Documents reviewed in connection with the "background checks" and "searches of publicly available information sources, including media sources, public records, and government databases" referenced in paragraph 42 of the Vaughan Declaration;

    c. The "policies and procedures, financial statements, contracts with third-party intermediaries . . . , and communications with government entities" referenced in paragraph 42 of the Vaughan Declaration;

    d. Documents reviewed in connection with the "sample set of 93 transactions" referenced in paragraph 42 of the Vaughan Declaration; and

    e. Documents sufficient to show the responses to the "questionnaire" and "interviews" referenced in paragraph 42 of the Vaughan Declaration, including any transcripts or recordings.

4. Documents concerning the factual "findings" referenced in paragraphs 35, 41, and 42 of the Vaughan Declaration, including:

   a. Documents reviewed in connection with the finding that "Peru as a market . . . presents risks for bribery and corruption";

   b. Documents reviewed in connection with the finding that "RDL has regular contact with government officials to obtain licenses and permits and to negotiate contractual issues";

   c. Documents reviewed in connection with the finding that certain "elements of RDL's compliance program were less than satisfactory, including a limited training program and lack of internal audit function";

   d. Documents reviewed in connection with monitoring the funds placed in escrow accounts; and

   e. Documents reviewed in connection with the factual finding that "[m]ost of the investigations" relating to the "MML's awarding the project to RDL" "had been already closed for lack of evidence," and that "[t]hese investigations did not involve any specific allegations that RDL or OLI provided any improper benefits to any public officials."

5. Documents concerning your awareness of the "public issues in connection to the Lava Jato investigation," as referenced in paragraph 38 of the Vaughan Declaration.

6. Documents concerning the "representations and warranties by the Odebrecht entity" that "Brookfield . . . secured and relied upon" "in connection with the acquisition" of Rutas, as referenced in paragraph 46 of the Vaughan Declaration, including any communications with Odebrecht or other third parties concerning such representations and warranties.

7. Documents reviewed in connection with the "congressional investigation with

respect to several Brazilian construction companies" referenced in paragraph 29 of the Vaughan Declaration.

8. Documents concerning any reporting in the "ethics hotline" that you made "accessible to employees, contractors, and temporary workers within six months of the acquisition" of a majority stake in Rutas, as referenced in the Vaughan Declaration.

9. Documents sufficient to identify all persons involved in the due diligence in connection with the acquisition of a majority stake in Rutas, including all persons comprising the "Investment Committee," "ABC Committee," and the members of the "due diligence team" referenced in paragraphs 14, 31, 32, 34, and 35 of the Vaughan Declaration.

10. Documents and communications concerning any actual or potential corruption, bribery, money laundering, or other criminal misconduct involving Rutas, Odebrecht, or the Concession Contract that were identified or considered during the due diligence in connection with the acquisition of a majority stake in Rutas.

11. Documents and communications concerning your knowledge of media reports, investigations, or allegations regarding Odebrecht's involvement in corruption in Peru prior to acquiring Rutas, including (a) the Lava Jato criminal proceedings; (b) the sentencing of Marcelo Odebrecht; (c) Peruvian congressional investigations; and (d) media coverage of Odebrecht's activities in Peru.

12. Documents concerning Brookfield's decision to move forward with acquiring a majority stake in Rutas in light of the factual findings reported in the due diligence and Brookfield's awareness of the Lava Jato investigation.

13. Documents and communications concerning any efforts by Brookfield to acquire a larger stake in Rutas after June 2016.

14. Documents sufficient to show the roles of current or former Odebrecht executives

in Rutas after Brookfield's acquisition of a majority stake in Rutas, including but not limited to Jorge Henrique Simoes Barata, Felipe Ferreira Neves, Raúl Pereira Neto, Bruno Falcao De Seixas Sampaio, Luiz Martins Catharino Gordilho Neto, and Oscar Eduardo Salazar Chiappe.

15. Documents sufficient to show the relationship between Brookfield Infrastructure Group Peru S.A.C. and Rutas, including Brookfield Infrastructure Group Peru S.A.C.'s involvement in the control, oversight, or management in Rutas.

16. Documents sufficient to identify all direct or indirect owners of Brookfield's 57% stake in Rutas, including any direct or indirect owners of BIF III Peru Transportation I S.A.C.

17. Documents sufficient to identify any business relationships, partnerships, joint ventures, or collaborations between Brookfield and Odebrecht.

18. Documents and communications concerning any immunity, leniency, or similar agreements sought or obtained from any government authority in connection with your acquisition of Rutas or other assets owned by Odebrecht.